11982

WESTROPE v. ABBOTT *ET AL.*

(133 S. E., 465)

1. REFORMATION OF INSTRUMENTS.—Trial Judge has right by decree to practically allow plaintiff to reform contract on which action was brought.

2. USURY—FINDING OF REFEREE AND CIRCUIT JUDGE THAT NOTE AND MORTGAGE WERE NOT TAINTED WITH USURY, AND THAT ALL MATTERS COMPLAINED OF WERE TRACEABLE EITHER TO MISTAKE OR ERROR IN CALCULATION, HELD CORRECT.—Finding of Referee and Circuit Judge that note and mortgage sued on were not tainted with usury, and that all matters complained of were traceable either to mistake or error in calculation, *held* correct.

Before SEASE, J., Cherokee, September, 1924. Affirmed.

Action by T. H. Westrope against J. W. Abbott and another. Judgment for plaintiff, and defendants appeal.

The decree of Judge Sease, directed to be reported, is as follows:

This is an action by the plaintiff, Thos. H. Westrope, against the defendants J. W. Abbott and Roy M. Abbott for the foreclosure of a certain real estate mortgage, dated December 5, 1912. By consent, the issues were referred to J. B. Bell, Esq., as Special Referee to take testimony and report his conclusions of law and fact to the Court. Several references were held. After the first reference, the defendants served notice of a motion to amend the answer so

as to plead usury. Plaintiff also served notice to amend the complaint by setting up, among other allegations, a cause of action for the reformation of the contract on the ground that the note and mortgage did not correctly express the contract between the parties through a mistake made in the preparation of the note and mortgage. The Referee allowed these amendments. The defendants in their answer also claimed that they were entitled to a credit of $278.00, of date December 1, 1913, alleging that plaintiff had not given credit for this payment. The Referee filed his report sustaining the contention of plaintiff that the contract was not usurious, but allowing the credit of $278.00 claimed by defendants. From this decision both parties filed exceptions.

The case came before me at the July term of Court, 1924, at Gaffney, S. C., on exceptions to the report of the Referee by plaintiff as to the $278.00 payment, and by the defendants on the question of usury. The case was ably argued by counsel on both sides, both orally and by submitting written points and authorities. I have given the case very careful consideration, and have concluded that the Referee's report should be affirmed as to his finding both on the issue of usury and the payment of $278.00. I shall endeavor to set forth my conclusions as succinctly as possible.

Upon the question of usury, I think that the report of the Referee should be affirmed. The undisputed testimony in the case shows that the defendants applied to plaintiff for a loan of $2,450.00, to be furnished them on December 1, 1912, and the plaintiff agreed to make this loan, interest payable in advance at 8 per cent. per annum, payable annually. An attorney was employed by plaintiff and defendants to prepare the note and mortgage, and have them executed according to the agreement above referred to. The testimony shows that the defendants were to receive, and did receive, the full amount of $2,450.00; that the interest was to be added at 8 per cent. in advance, and was added, the amount as expressed in the note and mortgage

33—S. C. R.—134.

being $2,661.68, arrived at as follows: 8 per cent. interest on $2,450.00 being $196.00, 8 per cent. on this amount being $15.68, making a total of $2,661.68, when these two items are added to the amount of the loan. The note is on a printed form, allowing space for the installment payments, the words "from December 1, 1913," and "annually in advance" being written in the proper blank spaces. The note does not provide for discount at 8 per cent., as is found in most printed forms, but does provide for interest at 8 per cent. from December 1, 1913, payable annually in advance. The defendants claim that, inasmuch as the note does not provide for interest at the rate of 8 per cent. prior to December 1, 1913, and because the plaintiff deducted $211.68 from the amount of the note as interest, being an amount greater than 7 per cent., he has, therefore, violated the usury statutes, and must suffer the penalty provided by statute. The testimony shows that a mistake was made by the attorney who reduced the contract to writing, which was brought about through no fault of any of the parties to the action. There was no dispute as to the contract, and the mistake should be corrected by the Court. I am satisfied that plaintiff should be relieved from the penalties of usury, and that the defendants should not be allowed to take advantage of a mistake made by the attorney, who was employed by both parties, in the preparation of the note and mortgage. I am satisfied that the General Assembly, in passing the usury statutes, did not intend to penalize any one by reason of such a mistake. If such were the case, then a man might suffer a penalty of hundreds of dollars by reason of a stenographer striking the figure "3" instead of the figure "2"; the error being overlooked by the attorney employed. My conclusions are amply justified by the decision of our Courts in *Newton v. Woodley,* 55 S. C., 132; 32 S. E., 531; 33 S. E., 1. *Heyward v. Williams,* 63 S. C., 470; 41 S. E., 550. *Rushton v. Woodham,* 68 S. C., 110; 46 S. E., 943; and *Tate v. Lenhardt,* 110 S. C., 569; 96

S. E., 720, as well as many cases from other jurisdictions. I, therefore, find as a fact that the reason the note and mortgage do not provide for 8 per cent. interest in advance from December 1, 1912, as the plaintiff and defendants had agreed upon, was due to a mistake made by the attorney who was employed by both plaintiff and defendants to prepare the papers; that the contract as made between plaintiff and defendant was not tainted with usury, and is not serious; that all the matters complained of by defendants are traceable either to the said mistake or errors in calculation.

Some reference has been made to the fact that the papers are dated December 5th, interest counted from December 1st, and the money not received by defendants until December 10th. The testimony shows that plaintiff furnished the $2,450.00 on December 1, 1912, according to the agreement, and that the reason defendants did not receive it until December 10th was brought about by their own delay in the execution of the papers, and through no fault of plaintiff. Plaintiff offered to allow credit for this ten days' interest during the trial, and while, as a matter of fact, no demand was made by defendants for any credit by reason of this fact, yet allowance will be made in this decree for this credit.

Plaintiff further contends that under the cases of *Bank v. Miller,* 39 S. C., 194; 17 S. E., 592, and *Bank v. Sarratt,* 77 S. C., 146; 57 S. E., 621; 122 Am. St. Rep., 562, the signing of a note with the principal sum obtained by the calculation, as herein stated, together with the indorsement of the check for $2,450.00, was a sufficient compliance with the statute, and there is strong ground for this position. I have rested my conclusion, however, on the principle that a mistake of fact as outlined herein on the part of the attorney in preparation of the papers and mere errors made in calculation do not render the contract usurious, and that it is the duty of the Court to correct such, and relieve plaintiff from any penalty.

As to the disputed payment of $278.00, defendants claim that on December 1, 1913, they paid plaintiff the sum of $469.50 in two checks, and also on or about the same day paid him $278.00 in money; that they did not get a receipt for the money for the reason that they saw plaintiff give credit for the $278.00 on the note. Plaintiff admits the payment of the checks, and testifies that he applied the amount of the checks as follows: "Paid on the within note $278 and interest to December 1, 1914," as requested by defendants, it being their request that the checks be used to pay interest for one year in advance, at 8 per cent., and the balance to be credited on the principal. Plaintiff denies that he ever received the sum of $278.00 in money. I have carefully considered the testimony in the case on this point, and have concluded that the Referee was right in his finding on this issue, and that his report should be affirmed, and it is so ordered.

It is, therefore, ordered, adjudged, and decreed that plaintiff have judgment against the defendants, J. W. Abbott and Roy M. Abbott, in the sum of $2,722.56, which I find to be the amount that will be due on the said note on November 3, 1924, after making the allowance referred to in this decree, and also the sum of $125.00 as fees for plaintiff's attorneys, which amount I find to be entirely reasonable, that the said mortgage be foreclosed, and the equity of redemption on the part of the said defendants be forever barred; that the real estate described in the complaint be sold by the Clerk of this Court, on Monday, November 3, 1924, or the first convenient sales day thereafter, after the usual custom of legal sales, after due advertisement, at public auction, to the highest bidder for cash, before the Court House door, Gaffney, S. C.; that the proceeds of the said sale, after paying the costs and expenses of this action, and any taxes that may be due, and a lien on the said real estate, be applied on plaintiff's judgment; balance, if any, be paid to defendants or their attorneys.

*Messrs. Butler & Hall,* for appellants, cite: *Effect of usury statute on oral promise to pay interest:* 114 S. C., 362; 30 S. C., 61. *Cases distinguished:* 110 S. C., 569; 77 S. C., 146; 68 S. C., 110; 63 S. C., 470; 55 S. C., 133; 39 S. C., 175. *Equity Court bound by usury statute:* Ann. Cas. 1918-A, 747; 39 Cyc., 1009. *Recovery of usurious loan; attorneys' fees:* 49 S. C., 345; Civ. Code 1922, Secs. 3638 and 3639.

*Mr. R. T. Jaynes,* for appellants, cites: *Usurious contracts:* 114 S. C., 362; 76 S. C., 460; 30 S. C., 61. *Cases distinguished:* 77 S. C., 146; 39 S. C., 175.

*Messrs. Dobson & Vassy,* for respondent, cite: *Mistake of fact resulting in usury may be corrected:* 68 S. C., 110; 110 S. C., 577; Bailey's Eq., 505; 138 U. S., 313; 1 Root (Conn.), 94; 39 Cyc., 922. *Mistake of law resulting in usury no excuse:* 114 S. C., 364; 76 S. C., 450; 72 S. C., 366. *Lapse of reasonable time after date of papers before completing loan will not render contract usurious:* 132 Ark., 219; 21 A. L. R., 789; 60 S. W., 478; 16 N. J. Eq., 537; 39 Cyc., 956. *When Court will reform contract:* 100 S. C., 157. *Case distinguished:* Ann. Cas. 1918-A, 747; 39 Cyc., 1016. *Necessity of a writing to allow interest at eight per cent:* 77 S. C., 146; 55 S. C., 143; 39 S. C., 194.

May 12, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of his Honor, Judge Sease, which will be reported. Both his Honor, Judge Sease, and the Special Referee concurred in their findings of fact and against the contention of the appellants.

Judge Sease, by his decree, practically allowed the respondent to reform the contract; this he had the right to do. Both the Referee and Circuit Judge find that it was a mistake of parties; "was not tainted with usury, and is not serious [usurious?]; that all matters complained

of are traceable either to a mistake or error in calculation."
In this finding we agree, and see no error as complained of
by the exceptions.

The exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and
MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.